UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

CARL R. DUFF,
)
*Plaintiff,*                                )
v.                                               )          No.      1:10-cv-126
                                                 )          *Chief Judge Curtis L. Collier*
SHERIFF JIM HAMMOND,                )
Sued in his Official Capacity           )
                                                 )
*Defendant.*                                )

## MEMORANDUM AND ORDER

Carl R. Duff ("Duff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42

U.S.C. § 1983 [Court File No. 2]. Duff contends there is improper ventilation in the pod where he

is housed, and due to the improper ventilation, the moisture from the shower causes the ceiling to

be covered with black mold and large patches of flaking rust. According to Duff, this has caused

him to have breathing problems, and Dr. Robert Stokes, the jail's medical doctor, diagnosed him

with bronchitis.[1]

Duff also complains he is forced to sleep in unsanitary conditions. Specifically, Duff claims

the commode is only six inches away from his bed and when inmates use it, urine splashes on his

bed. Finally, Duff maintains prisoners are being housed under unsafe conditions, as there are no

security cameras in pods, nor are there any call or panic buttons to call officers in case of a medical

or other emergency. Construing Duff's complaint liberally, as the Court is required to do, Duff

---

[1]        "[T]here can be no question that the right to adequate and healthy ventilation . . . [is]
a clearly established constitutional right . . . . For almost two decades this court, as well as other
circuit courts, have continually espoused a prisoner's right to adequate ventilation." *Board v.
Farnham*, 394 F.3d 469, 487 (7th Cir. 2005) (citing *Shelby County v. Westlake*, 798 F.2d 1085, 1087
(7th Cir. 1986); *Benjamin v. Fraser*, 343 F.3d 35, 52 (2d Cir. 2003); *Chandler v. Baird*, 926 F.2d
1057, 1065 (11th Cir. 1991); *Carver v. Knox County*, 887 F.2d 1287, 1293 (6th Cir. 1989); and
*Helling v. McKinney*, 509 U.S. 25, 34-36 (1993)).

claims these complaints are based on policy, procedure, or custom and that execution of the policy, procedure, or custom resulted in the harm he has sustained. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983"). Duff seeks compensatory damages in the amount of $250,000.00 and requests the Court to require the jail to provide proper ventilation, remove the mold and rust from the jail, and install security cameras and panic buttons.

## I.      Application to Proceed *In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Duff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Duff is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Duff is an inmate or prisoner in custody at the Hamilton County Jail, his motion to proceed *in forma pauperis* will be **GRANTED** to the extent, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915 [Court File No. 1]. Duff shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Duff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

(a)     twenty percent (20%) of the average monthly deposits to Duff's inmate trust account; or

(b)     twenty percent (20%) of the average monthly balance in Duff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian **SHALL** submit twenty percent (20%) of Duff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Sheriff and the Custodian of Inmate Accounts at the Hamilton County Jail, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee, to ensure the custodian of Duff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Duff **SHALL** collect the filing fee as funds become available. This order **SHALL** become a part of inmate Duff's file and follow the inmate if he is transferred to another institution.  The agency having custody of Duff **SHALL** continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

Duff is **ORDERED** to provide the prison officials at any new institution with a copy of this order.  Failure of Duff to notify the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

## II.    Service

The Clerk is **DIRECTED** to send Duff a service packet (a blank summons and USM 285 form) for Defendant Sheriff Jim Hammond, the only defendant named in this action.  Duff is **ORDERED** to complete the service packet and return it to the Clerk's Office **within twenty (20) days** from the date of this Order.  At that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service.  Fed. R. Civ. P. 4.   Duff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendant **SHALL**  answer or otherwise respond to the complaint **within twenty (20) days** from the date of service.

Duff is **ORDERED** to inform the Court and Defendant or his counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within **ten (10) days** following any change of address will result in the dismissal of this action.

SO ORDERED.

ENTER.

<u>**/s/**</u>
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**