UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| CARL R. DUFF, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | No.   1:10-cv-126 |
| | ) | *Chief Judge Curtis L. Collier* |
| SHERIFF JIM HAMMOND, | ) | |
| Sued in his Official Capacity | ) | |
| | ) | |
| *Defendant.* | ) | |

## **MEMORANDUM**

Carl R. Duff ("Plaintiff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [Court File No. 2]. On December 14, 2010, a Scheduling Order was issued and mailed to Plaintiff at the address which he provided to the Court—the Georgia State Prison in Reidsville Georgia, but it was returned, on December 29, 2010, with a label cover placed over the address label with no indication of the reason it was not delivered (Court File No. 9). On December 30, 2010, the Clerk once again sent a copy of the Scheduling Order to Plaintiff which was returned, on January 20, 2011, indicating Plaintiff was release and presumably, that the prison had no record of a forwarding address (Court File No. 10).

Plaintiff has not notified the Court of a current address; thus, preventing the Court from communicating with Plaintiff and preventing Plaintiff from timely responding to the Court's Order. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case. The Court's inability to communicate with Plaintiff and the Court's interest in managing the docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the Court of his current address.

Plaintiff has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Plaintiff due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible.

Therefore, this action will be **DISMISSED** for Plaintiff's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).[1]

An appropriate judgment order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff's failure to notify the Court with his forwarding address, has prevented the delivery of the Scheduling Order to him, which directed Plaintiff to file a Pretrial Narrative with the Clerk of Court on or before Tuesday, January 18, 2011 (Court File No. 8).